BRADEN v. CITY OF SAN ANTONIO.
(No. 6284.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 26, 1919.)

1. MUNICIPAL CORPORATIONS ⨪159(6)—BURDEN OF PROOF IN ACTION BY REMOVED OFFICER FOR SALARY.

In an action by a removed city officer to recover salary, the burden is upon such officer, if so claiming, to show that reasons for his dismissal filed by the mayor in compliance with the provision of the city charter, were not the true reasons for the dismissal.

2. MUNICIPAL CORPORATIONS ⨪159(5)—REMOVAL OF OFFICERS.

Where a clerk of a corporation court was removed by the mayor September 10th, and the mayor filed his reasons for the removal on September 21st, and the removal was approved by the council on September 23d, the removal was effective as of September 23d, even though the removal on September 10th was improper by reason of the failure to have reasons for the removal filed at such time.

Appeal from Bexar County Court; John H. Clark, Judge.

Suit by Joe Braden against the city of San Antonio. Judgment for defendant, and plaintiff appeals. Affirmed.

Leo Tarleton and A. L. Matlock, both of San Antonio, for appellant.

R. J. McMillan, J. D. Dodson, and U. S. Algee, all of San Antonio, for appellee.

FLY, C. J. Appellant sued appellee to recover the sum of $900, alleged to be due him as clerk of the corporation court of said city. It was alleged that appellant was removed on September 10, 1912, and appellant's term of office did not expire until May 31, 1913, and that his salary was fixed at $100 a month; that he was removed for political reasons, and without compliance with the provisions of the city charter, which require the mayor in making a removal to file his reasons at the time, and that such removal shall not go into effect until approved by a majority of the city council. The cause was submitted to a jury on special issues as to whether appellant was discharged from office because the mayor deemed him inattentive to the duties of the office and for the good of the service, and to avoid friction in the conduct of the business of the city, or on either of these grounds, or was he discharged solely for political reasons? The jury answered that he was discharged for the reasons placed on file by the mayor, and on those answers the court rendered judgment in favor of appellant for $104.66, for salary for 23 days of September, 1912, with interest at 6 per cent. per annum from October 1, 1912.

[1] The evidence showed that on September 21, 1912, A. H. Jones, mayor of the city of San Antonio, filed his reasons, in writing, with the city clerk, for the removal of appellant from the office of the clerk of the corporation court, and the same was approved by a majority of the city council on September 23, 1912. The reasons given were "inattention to the duties of said office, and for the good of the service, and to avoid friction in the conduct of the business of the city." The question of whether the reasons given by the mayor were true ones was submitted to the jury, and were found to be the real reasons. The burden rested upon appellant to show that the true reasons for his dismissal were not filed by the mayor, and upon the testimony presented by appellant the jury found against him.

[2] Appellant contends that he went out of office on September 10th, and that, there being no reasons on file at that time, the filing of the reasons on September 21, and the approval of the council on September 23, did not comply with the requirements of the charter. That is doubtless true so far as September 10th is concerned, but it is not true as to September 23d, for the reasons were on file at that time.

The judgment is affirmed.